UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Okwuchukwu E. Jidoefor, | Case No. 22-cv-2205 PAM/ECW |
| Plaintiff, | |
| v. | **ORDER** |
| Sherburne County et al., | |
| Defendants. | |

This action comes before the Court on Plaintiff Okwuchukwu E. Jidoefor's ("Plaintiff") self-styled Motion for Request to Produce Records and Issue a Subpoena Statement and Deposition, filed on December 22, 2022. (Dkt. 20.)

Plaintiff seeks an order requiring Defendants to produce certified administrative records; all "dataset" documents and information; all transcripts and audio recordings involving Plaintiff between August 5, 2020 to January 21, 2022 and March 2022 to October 13, 2022; chronicles, reports, and statements; mail policies; the 2020 jail inmate handbook; grievance policies; grievances and responses; and any other information that Defendants possess regarding Plaintiff. (*Id.* at 1-2.)

Defendants have not responded to the Motion.

On December 27, 2022, the Court issued a Scheduling Order (Dkt. 21), in which it limited the number of interrogatories each side could serve to 25 and provided that "no depositions are permitted in this matter without first seeking leave of the Court." (Dkt. 21 at 2.)

Rule 45 of the Federal Rules of Civil Procedure permits a party to command a person to produce documents or to appear at a deposition. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii), (B). Rule 45 applies to "persons," not parties. "Person" is broader than "party"; it encompasses both parties and non-parties. *See* Rule 45, Advisory Committee Note, 2013 Amendments ("In Rule 45(a)(1)(D), 'person' is substituted for 'party' because the subpoena may be directed to a nonparty."). A majority of district courts have held that a subpoena may be served on another party so long as it is not used to circumvent Rule 34 or the other discovery rules under the Federal Rules of Civil Procedure. *See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 588 (D.N.M. 2015) (collecting cases); *but see, Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) (holding that subpoena may only be served on a non-party).

"The Court has the 'discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings.'" *Stockdale v. Stockdale*, No. 4:08-CV-1773 CAS, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009 (quoting *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam)); *see also Jeude v. Ste. Genevieve Memorial Hosp.*, No. 1:22-CV-151-SNLJ, 2022 WL 17583149, at *3 (E. D. Mo. Dec. 12, 2022) (a court "has discretion whether to grant or deny subpoenas for indigent parties") (citing *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993)). "Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the

indigent's case."[1] *Stockdale*, 2009 WL 4030758, at *1; *see also*, *Jeude*, 2022 WL 17583149, at *3 (marks and citation omitted) ("Courts generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case. The Court may deny a request for a subpoena if it is frivolous, immaterial or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable.") Moreover, in determining whether to allow a deposition noticed in a jail or prison context to proceed, courts within this District look at whether the request makes an appropriate showing that the requested deposition is relevant to the claims. *See*, *e.g.*, *Mays v. Sherburne Cnty. Jail*, No. 020CV00506PAMKMM, 2020 WL 4218806, at *4 (D. Minn. July 23, 2020).

Given the vague and broad nature of these requests, without a description of why the information is necessary to Plaintiff's claims, it is difficult for this Court to determine whether the requests are relevant to the present action. Moreover, while Plaintiff seeks a deposition, he does not set forth who he wants deposed and why the information sought via the deposition is relevant to this case. To the extent that he is seeking to depose a governmental agency, such as Sherburne County, he is required to describe with reasonable particularity the matters for examination, which he has failed to do here. *See* Fed. R. Civ. P. 30(b)(6). For all of these reasons, the Court denies the Motion without prejudice. To the extent Plaintiff seeks discovery going forward, Plaintiff is reminded

---

[1] The Court notes that Plaintiff is proceeding IFP in this case. (Dkt. 10.)

3

that his discovery should comply with the requirements set forth in the Federal Rules of Civil Procedure relating to discovery, subject to the limitations set forth in the Court's December 27, 2022 pretrial scheduling order (Dkt. 21) and any proper objections Defendants may make.

As for Defendants, they are reminded that, in the future, the failure to respond to a motion may result in the Court granting the relief requested in the motion. (*See* Dkt. 21 at 3.)

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT:** Plaintiff Okwuchukwu E. Jidoefor's self-styled Motion for Request to Produce Records and Issue a Subpoena Statement and Deposition (Dkt. 20) is **DENIED** without prejudice.

Date:   January 10, 2023

*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge