UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Okwuchukwu E. Jidoefor, | Case No. 22-cv-2205 PAM/ECW |
| Plaintiff, | |
| v. | **ORDER** |
| Sherburne County et al., | |
| Defendants. | |

This action comes before the Court on Plaintiff Okwuchukwu E. Jidoefor's ("Plaintiff") Motion for Leave to Amend the Amended Complaint and Modify the Scheduling Order (Dkt. 25) ("Motion").

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action against Defendants under 42 U.S.C. § 1983 on September 9, 2022, alleging violations to his First, Sixth, and Fourteenth Amendment rights arising out of his detention in Sherburne County Jail. (Dkt. 1).

On November 28, 2023, Defendants filed their Answer to the Complaint. (Dkt. 17.)

On December 27, 2022, this Court issued a Scheduling Order that governs the deadlines in this matter. (Dkt. 21.) In particular, the deadlines and instructions in the Scheduling Order include the following:

- January 30, 2023 - All motions seeking to amend or supplement the pleadings, including motions to add parties, claims, counterclaims, relief, or defenses, must be served and filed by this date. The motion shall include a copy of the new proposed pleading which shall incorporate all

1

of the language that is being retained from the pleading that is being modified and the language the party is seeking to add. In order to show the Court which language is being added to the new pleading and which language is being deleted, the moving party shall attach a redlined version of the pleading showing additions and deletions, or alternatively, the moving party shall explain in the memorandum of law which language is being added to the new pleading, and which language is being deleted.

- June 26, 2023 - All discovery of any kind shall be commenced in time to be completed by this date.

- July 24, 2023 – All nondispositive motions (including those that relate to discovery and the discovery period), shall be served on the other party or their attorney, if they are represented by an attorney, and filed with the Court by this date.

- August 28, 2023 – All dispositive motions shall be served on the other party or their attorney, if they are represented by an attorney, and filed with the Court by this date.

(*Id.* at 2-3.) The Scheduling Order also reminded Plaintiff "of the need to obtain, review, and abide by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota." (*Id.* at 4.)

On January 23, 2023, Plaintiff filed the present Motion seeking leave to amend the Complaint pursuant to Rules 6(b)(1)(A), 15(a)(2), and 21 of the Federal Rules of Civil Procedure. (Dkt. 25 at 1.) Plaintiff also asserts good cause to modify the deadlines in the Scheduling Order with respect to motions to amend the pleadings. (*Id.* at 2.) Outside of the legal standards, the Motion provides the following factual basis for the Motion:

> Prior to January 10, 2023, the Plaintiff planned to move the Court to modify the scheduling order, to Amend the Amended Complaint, to add additional parties and to adjust the current claims to accommodate for the addition of said parties.
>
> However, on January 10, 2023, the Plaintiff was removed from the United States and transported back to the Plaintiff's country of birth, Nigeria. Upon arriving in Nigeria, the Plaintiff was detained for a period of approximately

2

> one (1) week. Upon release, the Plaintiff has unsuccessfully attempted to locate a library with adequate legal material to help prepare the pleading. More specifically, the Plaintiff has not been able to obtain any legal material pertaining to any United States Laws and/or Rules.
>
> Additionally, the Plaintiff has not had access to legal material on the internet, due to not having adequate equipment to connect to the internet by any means of connection (e.g. wired, Wi-Fi, or any other means). The Plaintiff is currently attempting to obtain the appropriate equipment and service to connect to the internet, to gain a plethora of resources and legal material, including the Rules of Civil Procedure, that will aid in the construction of the Second Amended Complaint.
>
> A combination of the time spent in transit to Nigeria, the time spent in detention upon arrival in Nigeria, and the lack of access to legal material/resources, has caused a delay in the construction of the proposed Second Amended Complaint, to submit along with the Motion to modify the scheduling order.

(*Id.* at 3.) As far as this Court can discern, Plaintiff is only seeking to extend the January 30, 2023 deadline for motions to amend the pleadings.

Plaintiff has not filed the following documents with his Motion: a notice of motion; a meet-and-confer statement, a proposed order, or a proposed amended Complaint with redline showing the changes between the original Complaint and the proposed amended complaint. *See* D. Minn. LR 7.1(b)(1); *see also* D. Minn. LR 15.1(b).

Defendants argue that the Motion should be denied based on Plaintiff's failure to abide the Local Rules by failing to meet and confer with them before bringing the Motion; failing to submit a proposed amended complaint or redline complaint; and failing to set forth what extension of time he was seeking. (Dkt. 27.)

3

## II. ANALYSIS

Motions to amend the pleadings and scheduling orders are non-dispositive motions. *See* D. Minn. LR 7.1(b)(4)(A)(i). Under Local Rule 7.1(b), a party is required to file and serve the following documents simultaneously:

>   (A) motion;
>   (B) notice of hearing;
>   (C) memorandum of law;
>   (D) any affidavits and exhibits;
>   (E) meet-and-confer statement (unless later filing is permitted under LR 7.1(a)(1)(A)); and
>   (F) proposed order (an editable copy of which must be emailed to chambers).

D. Minn. LR 7.1(b)(1). In addition, Local Rule 7.1(a) requires as follows:

> Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion. The moving and opposing parties need not meet in person.

D. Minn. LR 7.1(a).

Regardless of his pro se status, Plaintiff must comply with the Local Rules for the District of Minnesota. *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's pro se status, Plaintiff is still bound to comply with the Local Rules of this Court.") (citation omitted). The Court finds that Plaintiff violated Local Rule 7.1(a), which imposes a meet-and-confer requirement before filing a motion. Plaintiff provided no meet-and-confer statement as required, nor represented that such a meeting took place. In fact, Defendants assert that Plaintiff did not meet and confer with them before filing his Motion. (Dkt. 28 ¶ 3.) Courts within this District have denied

motions to amend for a failure to engage in a meet-and-confer. *See Tealeh v. DeJoy*, No. 21-CV-1318 (WMW/DJF), 2022 WL 16833785, at *2 (D. Minn. Nov. 9, 2022) ("The Court also cannot conclude that Mr. Tealeh complied with the meet and confer requirement of Local Rule 7.1(a). This requirement was not satisfied by any discussion Mr. Tealeh may have had with defense counsel about the deadline for amendments . . . he was required to provide defense counsel with the content of his proposed amendment and confer with defense counsel about whether Defendant DeJoy would object to the filing of that specific amendment. Mr. Tealeh does not appear to have provided Defendant DeJoy with advance notice of the content of the proposed amendment as required. Because Mr. Tealeh's Motion did not comply with this District's Local Rules, the Court denies the Motion without prejudice."); *see also Fredin v. Miller*, Civ No. 18-cv-0466 (SRN/HB), 18-cv-0510 (SRN/HB), 2018 WL 11282676, at *1 (April 9, 2018) (denying motion for leave to amend when pro se plaintiff failed to comply with Local Rules, including Rules 15.1(b) and 7.1(a)). Moreover, this Court's Scheduling Order provides "[a]ll nondispositive motions must comply with Local Rules 7.1(a) and (b). . . ." (Dkt. 21 at 3.) Plaintiff provides no basis for this failure and the Motion is denied on this basis.

Moreover, Plaintiff has failed to attach his proposed amended complaint, let alone a redline copy (comparing the original Complaint and the purported amended complaint) in violation of Local Rules 7.1(b)(1)(F) and 15.1. The Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint." *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504-05 (8th Cir. 2013); *see*

5

also *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules."). Courts in this District routinely deny motions to amend for the failure to comply with the applicable Local Rules. *See, e.g.*, *U.S. ex rel. Ellis v. City of Minneapolis*, No. 11-CV-0416 PJS/TNL, 2012 WL 6652885, at *2 (D. Minn. Dec. 21, 2012) (denying motions to amend that lacked a copy of the proposed amended pleading and memorandum of law).

This is not a trivial issue, as U.S. Magistrate Judge David T. Schultz has explained, the failure to comply with Local Rule 15.1(b) "is consequential because it frustrated the Court's ability to directly compare" the pleadings. *ecoNugenics, Inc. v. Bioenergy Life Sci., Inc.*, 355 F. Supp. 3d 785, 790 (D. Minn. 2019). Indeed, Plaintiff has been warned of this requirement in other cases he has been involved in:

> To start with, all three of Jidoefor's motions to amend his complaints—two in *Jidoefor II* [ECF Nos. 9, 20] and one in *Jidoefor III* [ECF No. 12]—have the same problem: they do not comply with the Local Rules for moving to amend a pleading, which require a party seeking leave to amend to include with the motion both a copy of the proposed amended pleading and a version of the same "that shows . . . how the proposed amended pleading differs from the operative pleading." L.R. 15.1(b). This rule is not a minor detail: without a proposed amended complaint, it is not really possible to determine whether an amendment would be futile. Jidoefor's non-compliance seems so substantial that his pro se status cannot serve as an excuse. *See Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726–27 (D. Minn. 2015) (collecting cases). This alone is a sufficient basis to deny all Jidoefor's motions to amend.

*Jidoefor v. Freedom Specialty Ins. Co.*, No. 21-CV-01609 (ECT/ECW), 2021 WL 6052517, at *6 (D. Minn. Dec. 21, 2021) (footnote omitted), *aff'd*, No. 22-1207, 2022

6

WL 2962057 (8th Cir. Apr. 20, 2022). The Court denies the Motion with respect to amending the pleadings on this additional basis.

Finally, Plaintiff has failed to set forth what date he wants the motion to amend deadlines extended to, which is important here given that it appears that Plaintiff has yet to draft the proposed amended complaint. This provides another basis to deny the Motion.

For all of these reasons, the Motion is denied without prejudice.[1]

### III.   ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT:** Plaintiff Okwuchukwu E. Jidoefor's Motion for Leave to Amend the Amended Complaint and Modify the Scheduling Order (Dkt. 25) is **DENIED WITHOUT PREJUDICE**.

Date:   March 9, 2023

*s/ Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[1] Given that the Motion is being denied on procedural grounds, the Court makes no findings with respect to good cause, under Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3, to extend the Scheduling Order.